IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL R. BURTON,** <br> 4414 Rosedale Ave <br> Bethesda, Maryland 20814, <br><br> *Plaintiff*, <br><br> v. <br><br> **SHOPIFY PAYMENTS (USA) INC.,** <br> 131 Greene St <br> New York, NY 10012 <br><br> *Defendant.* <br><br> **SERVE:** <br> **Resident Agent** <br> **Corporation Service Company** <br> **251 Little Falls Drive** <br> **Wilmington, DE 19808** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 25-3023 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Michael R. Burton ("Plaintiff" or "Mr. Burton"), through undersigned Counsel, brings this Complaint for Damages and Injunctive Relief against Defendant Shopify Payments (USA) Inc., and in support thereof, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Michael R. Burton is a citizen and resident of Montgomery County, Maryland.

2. Defendant is a corporation formed under Delaware law, with an office in the United States which is located at 131 Greene St, New York, NY 10012. Defendant conducts business on

1

an international scale, as well as throughout the United States, including the servicing of customers within the state of Maryland.

3. This Court has jurisdiction under 28 U.S.C. §1332 as Plaintiff Michael Burton is a citizen of the state of Maryland, and Defendant Shopify Payments (USA) Inc., is a Delaware Corporation with its principal place of business in the United States in New York..

4. Venue is proper in that Plaintiff resides in Maryland, because the damage to Plaintiff occurred in and has been suffered by him Maryland, and because Defendant's communications, transactions, events or omissions were transmitted to Plaintiff Maryland.

## STATEMENT OF FACTS

5. Plaintiff's family owns and operates businesses, including Skye Associates, LLC which sell products to consumers using Shopify's on-line "stores."

6. Defendant facilities these sales by providing payment services to Plaintiff's businesses (known as "Shopify Payments"). Shopify Payments is Shopify's built-in payment processor that allows merchants to accept credit card payments directly without the need to integrate a third-party provider. This makes the checkout experience for consumers who purchase products from the on-line stores of the companies which Plaintiff owns more efficient, for both the consumer and the merchant. Once Shopify Payments is enabled, a merchant can accept major payment methods (e.g., credit cards, Apple Pay, Google Pay, etc.), without the need to configure separate payment providers.

7. Skye Associates, since at least 2019, has sold products through stores on Shopify, and used Defendant's Shopify Payments, system.

8. As part of the services provided by Defendant's Shopify Payments system to the businesses owned by Plaintiff, Defendant issued, in or about January of each year, IRS Form 1099-Ks for years 2019, 2020, 2021, 2022, and 2023.

9. Unbeknownst to Plaintiff at the time, Defendant was inadvertently given Plaintif's Social Security number to use in relation to the tracking of sales revenue for sales made using Shopify Payments, as opposed to the proper Tax Identification Number for Skye Associates LLC.

10. As a result of this error, since at least 2019, Defendant incorrectly issued IRS Form 1099-Ks to Plaintiff personally, using Plaintiff's Social Security number, in lieu of issuing such to the appropriate business entities which had contracted with Defendant (i.e., through use of the appropriate Tax Identification Number for such) and earned the revenue in question from sales to consumers through Defendant's Shopify Payments system.  This error has proven to be very significant and now costly for Plaintiff, as it resulted in an inaccurate view of his personal income by the Internal Revenue Service.

11. This error was compounded and re-occurred each year, from 2019 through at least 2023, through the issuance of an incorrect IRS Form 1099-K ("Form 1099").  The latest instance in which this occurred was when Defendant issued an incorrect Form 1099 to Plaintiff in or about January 2024 (for tax year 2023).

12. Plaintiff did not realize that this error had occurred until early October, 2024 .

13. Thereafter, Plaintiff contacted Defendant and the IRS, beginning in October, 2024, to notify Defendant and the IRS of this error and to request that Defendant issue corrected IRS Form 1099-Ks, which would then be provided to the Internal Revenue Service.

14. Plaintiff contacted Defendant through a variety of means on multiple occasions, to try and correct this error and have Defendant issue corrected Form 1099s to the IRS (and to provide a copy of such to him), however, Defendant was not responsive to such requests and either ignored Plaintiff's requests; did not respond in a meaningful way; or otherwise failed to issue corrected Form 1099s.

15. On June 12, 2025, Plaintiff, through separate counsel ("Tax Counsel") (who is representing Plaintiff in an appeal to the United States Tax Court – Docket No. 6975-25) concerning the excessive amount of income taxes which the IRS has now asserted that Plaintiff owes to the U.S. Government, sent a letter to Defendant to address these issues.

16. Through this letter, Plaintiff's Tax Counsel confirmed to Defendant that Plaintiff had received incorrect Form 1099s from Defendant for years 2019 – 2023, and that while at least some of the Form 1099s for the years in question may have been partially corrected to reflect revenue by Skye Associates LLC (i.e., based on representations made by Defendant to Plaintiff or his Tax Counsel), none of them have been corrected with respect to Plaintiff in the form of cancelled or zeroed out 1099's issued to Plaintiff or the IRS. This has resulted in the current situation of multiple 1099's being active by Defendant for the same revenue, in violation of IRS rules. Moreover, Plaintiff's Tax Counsel explained that Plaintiff had not been given a copy of the corrected Form 1099s by Defendant and further, explained that not all of the Form 1099s had been corrected and/or provided to the IRS.

17. Through this letter, Plaintiff's Tax Counsel requested that Defendant, within 15 business days thereafter, take any additional action needed to fully correct the Form 1099s for years 2019 – 2023; provide these corrected forms to the IRS; and provide a copy of such corrected forms to Plaintiff.

18. Since that time, Defendant has not responded to Plaintiff's Tax Counsel and has not provided any corrected Form 1099s to Tax Counsel (or to Plaintiff).  Upon information and belief, the IRS continues to not any of the corrected Form 1099s that are needed for Plaintiff to dismiss the issue with the IRS, which are material for the proper disposition of Plaintiff's ongoing Tax Case.

19. Defendant has a duty under Federal law to furnish correct (and in this instance, corrected) Form 1099s concerning Plaintiff and Plaintiff's businesses, which have contracted with the Defendant, to the IRS.  *See* 26 U.S.C. § 6050W(f) ("Every person required to make a return under subsection (a) shall furnish to each person with respect to whom such a return is required a written statement showing - **(1)** the name, address, and phone number of the information contact of the person required to make such return, and **(2)** the gross amount of the reportable payment transactions (including a separate accounting of any such amounts that have been reasonably designated by payors as cash tips and the occupation described in section 224(d)(1) of the person receiving such tips) with respect to the person required to be shown on the return.").  Section 6050W(f) further requires that such statement "shall be furnished to the person on or before January 31 of the year following the calendar year for which the return under subsection (a) was required to be made."  Defendant's failure to comply with this requirement will result in penalties under 26 U.S. Code § 6722. Defendant also knows that the companies owned by Plaintiff which contract with Defendant for its services, as well as in this instance – Plaintiff, as the owner of those businesses – will reasonably rely upon the accuracy of information that Defendant places into the Form 1099s and then communicates through such forms to the IRS and to Plaintiff.

20. Defendant's willful failure to a.) timely take corrective action upon being notified of this error by Plaintiff, and b.) timely failing to provide a copy of the corrected Form 1099s to the IRS, and c.) failing to timely provide a copy of these corrected forms to Plaintiff have caused Plaintiff to suffer significant damages, which are ongoing and escalating.

21. Because of this error, Plaintiff has been subject to millions of dollars of back taxes, penalties, and interest by the IRS, and the IRS has incorrectly asserted that Plaintiff is liable for several million dollars of back taxes, penalties, and interest in taxes for personal income which never should have been attributed to him.

22. As noted, Plaintiff is now having to pursue an action in the U.S. Tax Court against the IRS over this and is having to incur significant attorneys' fees and costs in order to do so, and Plaintiff submits that such action would not have been needed if Defendant had timely corrected this error once it was notified of such, to include providing the necessary, corrected Form 1099s to the IRS and to Plaintiff.

## COUNT I
## DEFAMATION

23. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 – 22 as if fully set forth fully below.

24. Defendant made a false and defamatory statement to a third person, the U.S. Internal Revenue Service, by filing false Form 1099 statements alleging that Defendant had made millions of dollars in unreported income.

25. Through such, Defendant falsely stated indicating that Plaintiff had failed to pay taxes on millions of dollars in income, thereby indicating that Plaintiff had committed tax evasion, a crime of moral turpitude, and thereby accusing Plaintiff of improperly mismanaging the financial

6

operations and legal obligations individually, as well of his family's businesses, and in his trade and profession.

26. These statements by Defendant were false, in that Defendant did not in fact earn millions of dollars from the sale of products, as asserted by Defendant on the Form 1099s.

27. Defendant was legally at fault in making these false statements, because it had a continuing duty under Federal law to file accurate and correct Form 1099s with the U.S. Internal Revenue service, as set forth above.

28. Defendant was further legally at fault when – upon being notified by Plaintiff of these errors and the impact that such would have upon him – willfully, with malice, and with reckless disregard, failed and refused to issue corrected Form 1099s to Plaintiff and also submit such to the IRS. Through such conduct, Defendant continued to publish these false and defamatory statements to the IRS, which has caused, and is continuing to cause significant, ongoing damage to Plaintiff.

29. Defendant's false and defamatory statements were made without legal justification and they were not privileged. They were also defamatory *per se*.

30. As a result of Defendant's false and defamatory statements, Plaintiff has suffered significant damage, including financial losses, and harm to his professional and business reputation.

## COUNT II
## GROSS NEGLIGENCE

31. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 – 30 as if fully set forth fully below.

32. As explained above, under Federal law, Defendant owed a duty of care to Plaintiff and to Plaintiff's family's companies which have contracted with Defendant and use its Shopify Payments system to provide accurate true and accurate IRS Form 1099s regarding the revenue received from sales to consumers using its payments system. Defendant also knows that the companies owned by Plaintiff's family which contract with Defendant for its services, as well as in this instance – Plaintiff, as an owner of those businesses – will reasonably rely upon the accuracy of information that Defendant places into the Form 1099s and then communicates through such forms to the IRS and to Plaintiff.

33. In and after October 2024, Defendant was notified that for years 2019 – 2023, the Form 1099s issued by Defendant and submitted to the IRS incorrectly included Plaintiff's Social Security number in lieu of the correct Tax identification Number for the corporate entities which Plaintiff's family owns and which had contracted with Defendant for its services.

34. As explained above, once Plaintiff discovered the false information on the Form 1099s at issue, Plaintiff contacted Defendant through a variety of means on multiple occasions, to try and correct this error and have Defendant issue corrected Form 1099s to the IRS (and to provide a copy of such to him), however, Defendant was not responsive to such requests and either ignored Plaintiff's requests; did not respond in a meaningful way; or otherwise failed to issue corrected Form 1099s.

35. On June 12, 2025, Plaintiff's "Tax Counsel" sent a letter to Defendant to further address these issues, and to request that Defendant take any additional action needed to fully correct the Form 1099s for years 2019 – 2023; provide these corrected forms to the IRS; and provide a copy of such corrected forms to Plaintiff.

36. Since that time, Defendant has not responded to Plaintiff's Tax Counsel and has not provided any corrected Form 1099s to Tax Counsel (or to Plaintiff). Upon information and belief, the IRS continues to not have any and/or all of the corrected Form 1099s that are needed, which are material for the proper disposition of Plaintiff's ongoing Tax Case.

37. By engaging in the aforementioned conduct, Defendant knowingly, willfully, and recklessly breached its duty of care toward Plaintiff, which has caused Plaintiff to suffer significant damages which are ongoing.

38. Defendant's knowing, willful, and reckless failure to a.) timely take corrective action upon being notified of this error by Plaintiff, and b.) timely provide a copy of the corrected Form 1099s to the IRS, and c.) timely provide a copy of these corrected forms to Plaintiff have caused Plaintiff to suffer significant damages, which are ongoing and escalating.

97. Defendant's knowing, willful, and reckless conduct constituted gross negligence (or alternatively and at a minimum, negligence).

40. Because of Defendant's continuing, wrongful conduct, the IRS has incorrectly asserted that Plaintiff is liable for millions of dollars in taxes, penalties, and interest for personal income which never should have been attributed to him.

41. As noted, Plaintiff is now having to pursue an action in the U.S. Tax Court against the IRS over this and is having to incur significant attorneys' fees and costs in order to do so, and Plaintiff submits that such action would not have been needed if Defendant had timely corrected this error once it was notified of such, to include providing the necessary, corrected Form 1099s to the IRS and to Plaintiff.

**PLAINTIFF'S DEMAND FOR DAMAGES FOR COUNTS I AND II**

42. To remedy the damage caused to Plaintiff by Defendant's wrongful conduct, as alleged through Counts I and II, Plaintiff seeks an award of compensatory damages, in an amount in excess of $5,000,000.00, including but not limited to at least 150 % of any increased tax liability, penalties, and interest that he may ultimately have to pay to the IRS if he is not successful through his current action against the IRS in the U.S. Tax Court. Plaintiff also seeks an award, as damages, of the amount of his attorneys' fees and costs that he is paying and will continue to have to pay in relation to that ongoing tax case.

43. Plaintiff also seeks an award of punitive damages in excess of $1,000,000.00 against Defendant, because, as explained above, Defendant has acted with malice and with reckless disregard to Plaintiff's legal rights by refusing to take the necessary corrective action after being notified of the error (which it was and is legally obligated to do).

44. Plaintiff has also suffered irreparable harm, which is ongoing, to include damage to his reputation and his ability to fully and successfully prosecute his pending action in the U.S. Tax Court because Defendant has failed to provide him with the fully corrected Form 1099s for the years 2019 – 2023, which he must be able to present to the Tax Court in that case. To remedy such, Plaintiff seeks preliminary and permanent injunctive relief against Defendant, for the Court to order Defendant to immediately produce all corrected Form 1099s for the years in question to him, as well as to the IRS (to the extent such has not already been done by Defendant).

WHEREFORE, based upon the foregoing, wrongful conduct by Defendant, Plaintiff Michael R. Burton respectfully requests that this Court enter judgment in his favor on Counts I and II and against Defendant, and award him the following forms of relief for such Counts:

1. An award of compensatory damages, in an amount to be determined at trial, in excess of $5,000,000.00;

2. An award of punitive damages, in an amount to be determined at trial, in excess of $1,000,000.00;

3. An order for preliminary and permanent injunctive relief against Defendant, as outlined above;

4. All other forms of relief, both legal and equitable in nature, to which Plaintiff is entitled based upon Defendant's wrongful conduct;

5. An award of Plaintiff's costs for bringing this action;

6. An award of Plaintiff's reasonable attorneys' fees, to the extent that such award is permitted by applicable law;

7. An award of pre- and post-judgment interest, at the applicable statutory rate under Maryland law; and

8. An award for all attorneys' fees and costs Plaintiff has incurred, and will incur, in relation to his ongoing case against the IRS before the U.S. Tax Court; and related to defending

9. Any other relief which this Court deems to be fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on his claims.

Dated: September 12, 2025.                    Respectfully submitted,

/s/ *John B. Flood*

_____
John B. Flood, Member (CPF # 0506100001)
Flood Law LLC
2600 Tower Oaks Blvd, Suite 290
Rockville, MD 20852
Tel.: (240) 403-2619
john@fmlaw.org
*Counsel for Plaintiff*