**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL R. BURTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:25-3023-PX |
| SHOPIFY PAYMENTS (USA) INC., | | |
| | * | |
| Defendant. | | |

***

**MEMORANDUM OPINION**

Pending in this defamation action is Defendant Shopify Payments (USA) Inc. ("Shopify")'s motion for judgment on the pleadings and motion to stay, ECF Nos. 29 & 31; and Plaintiff Michael Burton ("Burton")'s motion for leave to file a second amended complaint (ECF No. 38) and motion for extension of time for designation of experts. ECF No. 47. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Shopify's motion for judgment on the pleadings is granted, the motions to stay or extend discovery are denied as moot, and Burton's motion to amend the pleading is denied as futile.

## I. Background

Burton's family owns Skye Associates ("Skye"), a business which, for years, has sold its products through Shopify's online marketplace services. ECF No. 27 ¶¶ 5, 7. Because Shopify collects and transmits revenue generated from its customers' product sales, Shopify must annually issue an IRS Form 1099-K to the IRS and to the customer. *Id.* ¶¶ 8, 19. In Skye's case, and unbeknownst to Burton, someone mistakenly gave Shopify Burton's social security number instead of Skye's Tax Identification Number ("TIN"). *Id.* ¶ 9. As a result, for the years 2019

through 2023, Shopify issued a 1099-K which attributed Skye's annual revenues from sales through Shopify to Burton via his social security number. *Id.* ¶ 10. The last actual issuance of an incorrect 1099-K occurred in January 2024 for the 2023 tax year. *Id.* ¶ 11.

For some unexplained reason, Burton did not "realize that this error had occurred until October 2024." ECF No. 27 ¶ 12. Burton immediately notified the IRS of the error and requested that Shopify issue corrected 1099-Ks. *Id.* ¶ 13. Despite repeated attempts to obtain corrected 1099-Ks, Shopify was not responsive to Burton's entreaties. *Id.* ¶ 14. The IRS, for its part, notified Burton that he owes several million dollars in unpaid taxes, penalties, and interests arising from the revenue wrongly attributed to him in the erroneous 1099-Ks. *Id.* ¶ 15.

Burton has retained separate tax counsel who represents him before the United States Tax Court ("Tax Court") and who has attempted to secure corrected 1099-Ks from Shopify. ECF No. 27 ¶¶ 15–17. Burton contends that he must receive the corrected 1099-Ks before he can resolve his tax matter with the IRS, and that Shopify's willful failure to issue corrected 1099-Ks continues to harm him financially. *Id.* ¶¶ 21, 22. From this, Burton sues Shopify for defamation based on the "false" attribution to the IRS of Skye's revenue as Burton's personal income (Count I), and gross negligence arising from some non-specific "duty" Shopify owes to Burton (Count II). *Id.* ¶¶ 31, 36 (averring breach of a duty of care to Burton in failing to take corrective action).

Shopify now seeks judgment on the pleadings. For the following reasons, the motion must be granted.

## II. Judgment on the Pleadings

A party may move for judgment on the pleadings essentially at any time "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) "is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d

107, 115 (4th Cir. 2013). Thus, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *ImpactOffice, LLC v. Siniavsky*, Civ. No. TDC-15-3481, 2017 WL 1410773, at *3 (D. Md. Apr. 19, 2017). However, a motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

In resolving a motion under Rule 12(c), "the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are 'integral to the complaint and authentic.'" *ImpactOffice*, 2017 WL 1410773, at *3 (citing *Occupy Columbia*, 738 F.3d at 116) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). The Court may "properly take judicial notice of matters of public record." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips*, 572 F.3d at 180). The Court may also, in its discretion, consider evidence beyond the four corners of the pleadings. *A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). However, in that circumstance, "the motion must be treated as one for summary judgment" and "the parties must be given a reasonable opportunity to present all the material pertinent to the motion." *Jones v. Nucletron Corp.*, No. RDB-11-02953, 2013 WL 663304, at *4 (D. Md. Feb. 20, 2013) (quoting Fed. R. Civ. P. 12(d)) (internal quotation marks omitted).

With this standard in mind, the Court first turns to the defamation claim.

**A. Defamation (Count I)**

The parties do not contest that Maryland law applies to the claims. ECF No. 29-1 at 6 & ECF No. 36 at 10. Shopify contends that the claim is time-barred and fails as a matter of law. Each contention succeeds.

Turning first to the untimeliness of the claim, a defamation suit must be brought within one year following the alleged defamatory communication. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-105. Burton identifies the 1099-Ks issued annually from 2020 through January 2024 as the alleged defamatory statements. But Burton did not file suit until September 12, 2025, well beyond the one-year limitations period for even the most recent January 2024 disclosure. ECF No. 1. Accordingly, the defamation claim must be dismissed as time-barred.

Burton responds that because he did not "realize" the error in the 1099-K filings until October 2024, the claim did not begin to accrue until his discovery, or at a minimum, a genuine issue of disputed fact precludes judgment at this early stage. ECF No. 36 at 10–11. It is well settled that Maryland's discovery rule tolls the limitations period until the time the plaintiff either "discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95–96 (2000). The rule is designed to protect plaintiffs "where it was not reasonably possible to have obtained notice of the nature and cause of an injury." *Id.* at 95. Although application of the discovery rule is ordinarily a fact-intensive inquiry, *Mathews v. Cassidy Turley Maryland, Inc.*, 435 Md. 584, 618 (2013), the Court may resolve the question at the dismissal stage if such resolution is clear from the face of the complaint. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

When viewing the Amended Complaint most favorably to Burton, no facts support that Burton could not have learned of the error with the exercise of due diligence. He claims in

conclusory fashion to have not "realized" that Shopify had been using his social security number, but fails to include any facts supporting this bald claim. This is especially telling, given that Skye is Burton's family owned business, and he is an owner of Skye. ECF No. 27 ¶¶ 5, 19. What is more, Shopify sent timely 1099-Ks every year to Skye. As Skye had to reconcile its own tax obligations annually, it would have learned through that process that "millions of dollars" in revenue had *not* been reported to the IRS. So it is hard to fathom how Burton – as an owner of Skye – would not have learned of the colossal 1099-K error before October 2024 had he exercised a modicum of due diligence. Accordingly, Burton's arguments notwithstanding, he has not averred any facts that make plausible his exercise of diligence necessary to invoke the discovery rule. The claim is thus time-barred.

Alternatively, the defamation claim fails on the merits. In Maryland, defamation requires proof of four elements: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (2009)). A statement is defamatory if it tends to expose a person to "public scorn, hatred, contempt, or ridicule," which, in turn, discourages others from "having a good opinion of, or associating with, that person." *Id.* (quoting *Brodie*, 407 Md. at 441).

Burton pleads only defamation *per se* as opposed to *per quod*. ECF No. 27 ¶ 28.[1] *See Shapiro v. Massengill*, 105 Md. App. 743, 773 (1995). Defamation *per se* lies when the "injurious character" of the false statement is inherent in the statement itself. *M & S Furniture Sales Co. v.*

[1] Were there any doubt about Burton's persistence solely in a defamation *per se* claim, his proposed second amended complaint and defense of the same makes this election abundantly clear. *See* ECF No. 38-1 (adding "per se" to Count I defamation heading); ECF No. 46 at 5-7 (defending the plausibility of a defamation *per se* claim).

*Edward J. Bartolo Corp.*, 249 Md. 540, 544 (1968); *see also Royall v. Dicks,* 270 Md. App. 1, 39 (2026) ("Defamation necessarily involves the idea of disgrace" (internal citation and quotation marks omitted)), *cert. denied*, No. 223, Sept. Term 2026, 2026 WL 2983912 (Md. Sept. 29, 2026).

In contrast, defamation *per quod* involves statements not inherently injurious or defamatory but which become defamatory in context. *Royall*, 270 Md. App. at 15–16, *relying on M & S Furniture,* 249 Md. at 544 (1968); *Brodie*, 407 Md. at 441. Defamation *per quod* is actionable only upon a showing of actual economic damages arising from the defamatory statements. *M & S Furniture*, 249 Md. at 544 (1968) ("In the case of words or conduct actionable only per quod, the injurious effect must be established by allegations and proof of special damage and in such cases it is not only necessary to plead and show that the words or actions were defamatory, but it must also appear that such words or conduct caused actual damage.").

Although Burton contends the 1099-Ks amount to defamation *per se*, clearly they do not. The 1099-Ks merely report the revenue that Shopify received and transmitted to Skye for its product sales. *See Understanding your Form 1099-K*, IRS (June 28, 2026), https://www.irs.gov/businesses/understanding-your-form-1099-k; ECF No. 36-1 (sample 1099-K). The false statement included in the 1099-K is the linking of Burton's social security number to Skye, and by extension, Skye's revenue as generated personally by Burton. But nothing about that erroneous misattribution of revenue invites "public scorn, hatred, contempt or ridicule" which discourages others from "having a good opinion of, or associating with, that person. *Piscatelli*, 424 Md. at 306 (quoting *Brodie*, 407 Md. at 441). The erroneous 1099-Ks do not suggest one way or the other whether Burton in fact earned the revenue, or whether he ultimately paid tax on the revenue. No rational reading of the 1099-K makes the erroneous statement defamatory. Thus, the statement can never amount to defamation *per se.*

Nor do the facts establish defamation *per quod*. Burton avers that the 1099-Ks are false and defamatory because they communicated to the IRS that Burton "had made millions of dollars in *unreported* income," and that Shopify "falsely stated that [Burton] had personally been paid millions of dollars in revenue from Defendant (which had not occurred), thus *indicating* that [Burton] had failed to pay taxes on millions of dollars in income, thereby *indicating* that [Burton] had committed tax evasion, a crime of moral turpitude" and related mismanagement of his family business. ECF No. 27 ¶ 24 (emphasis added). But Shopify's mere provision of an erroneous 1099-K does not suggest the income is *unreported*, or that Shopify's error would result in Burton being branded a tax scofflaw. Thus, for the same reasons, Shopify's 1099-Ks may be wrong, but they are not defamatory.

Burton, in response, seems to suggest that the defamation lies not in the erroneous 1099-Ks themselves but in Shopify's failure to correct the 1099-Ks when asked. ECF No. 36 at 14. This is not the theory of liability pursued in the Amended Complaint. Moreover, as Shopify rightly points out, defamation *per se* turns on the publication of a false statement which brings scorn, hatred, ridicule, or negative reputational consequences. ECF No. 29-1 at 8. If the original publication, although untrue, was not defamatory, then the failure to correct the same does not now make it defamatory. *Cf. Hawks v. Ruby*, No. 2098, Sept. Term, 2016, 2019 WL 4860760, at *9 (Md. Ct. Spec. App. Oct. 1, 2019) (holding no defamation in mere failure to retract incorrect public statement after learning of its falsity); *Lowery v. Smithsburg Emergency Med. Serv.*, 173 Md. App. 662, 685–86 (2007), *citing favorably Exxon Corp., USA v. Schoene*, 67 Md. App. 412, 422 (1986) (evidence of retraction could be used to support waiver of conditional privilege in defamation action). Accordingly, even if the claim were timely, it fails on the merits. Judgment on Count I is granted.

**B. Gross Negligence (Count II)**

Turning next gross negligence, the claim is premised on the issuance of incorrect 1099-Ks combined with the failure to correct the error once brought to Shopify's attention. ECF No. 27 ¶¶ 31–40. To sustain a straightforward negligence claim, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered actual injury, and (4) the injury proximately resulted from the defendant's breach. *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 43 (1995), *overruled on other grounds by Baltimore Gas & Elec. Co. v. Flippo*, 348 Md. 680 (1998). To sustain a gross negligence claim, however, the plaintiff must also demonstrate the defendant acted "wantonly and willfully," "intentionally," or with utter indifference "to the rights of others that he acts as if such rights did not exist." *Cooper v. Rodriguez*, 443 Md. 680, 708 (2015) (quoting *Barbre v. Pope*, 402 Md. 157, 187 (2007)). Thus, "[g]ross negligence is not just big negligence." *Stracke v. Est. of Butler*, 465 Md. 407, 421 (2019) (quoting *Thomas v. State*, 237 Md. App. 527, 537 (2018)). It is instead a claim reserved for conduct "that is of extraordinary or outrageous character" to sufficiently "imply [the requisite] state of mind." *Thomas*, 237 Md. App. at 537.

Although Shopify principally contends that the economic loss doctrine bars the claim, the claim more fundamentally fails because Shopify owes no duty of care to Burton. Burton is not Shopify's client, and so any supposed "duty" arising from Shopify's legal obligation to report to the IRS any revenue collected on behalf of Skye does not create a duty as to Burton.[2] Nor do any facts make plausible that Shopify acted with sufficient mens rea to establish a gross negligence

[2] The Amended Complaint suggests that the statutory duty articulated in 26 U.S.C. § 6050W(f) gives rise to the tort duty. ECF No. 38-1 ¶ 23. Section 6050W(a) commands that any entity required to issue an IRS Form 1099 "shall make a return" furnishing the requisite information to the IRS. Likewise, § 6050W(f) requires the entity furnish the same statement to the "person . . . for which the return . . . was required to be made." To the extent any tort duty flows from this statutory obligation, it is to Skye – the "person" for whom the report must be made – not Burton.

claim. Mere bald allegations of Shopify having acted "wantonly" and "willfully" in failing to correct the 1099-Ks are devoid of factual support. And mere delay in taking corrective action does not amount to such extraordinary or outrageous conduct necessary to make the claim. Because the claim undoubtedly fails, judgment is granted on Count II.

The Court next turns to Burton's motion for leave to file a second amended complaint.

## III. Motion for Leave to File a Second Amended Complaint

Burton urges the court grant leave to file a second amended complaint in the interests of justice so he may add facts responsive to Shopify in its motion for judgment on the pleadings. ECF No. 38 at 2–3. Shopify opposes amendment on futility and prejudice grounds. Because amendment would be futile, the motion is denied on this basis.

Federal Rule of Civil Procedure 15(a)(2) instructs that courts should "freely" grant leave to amend "when justice so requires." Amendment may be denied if it would prejudice the nonmovant or would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face," and will not survive a motion to dismiss. *Johnson*, 785 F.2d at 510. The Court reviews the proposed amended claim for sufficiency pursuant to Rule 12(b)(6), and thus, should deny amendment if the claim fails as a matter of law. *Kerrigan v. Bd. of Educ. of Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016).

Burton's new factual allegations do not save the claims. The proposed amended pleading makes much of the formatting differences between a social security number (used for an individual in IRS reporting and typed as XXX-XX-XXXX) and a TIN (used for a business and typed as XX-XXXXXXX). ECF No. 38-1 ¶ 11. This, argues Burton, in combination with Shopify's history of prior payments (more than 100) to Skye or other related businesses, reflect Shopify's knowledge

that it was using Burton's social security number falsely and with the requisite ill-intent. *Id.* ¶¶ 12, 13. The inferences Burton draws are not plausible. For one, both a social security number and a TIN consist of nine digits. And if Burton's nine-digit social security number had been entered in error instead of Skye's TIN, this alone would not alert Shopify to the error. But more to the point, nothing on the incorrect 1099-Ks suggest that Shopify knew it was misattributing the revenue to *Burton* because the 1099-Ks were issued for Skye as the business for whom the revenue had been generated. Thus, simply because Shopify had engaged in scores of transactions with Skye does not make the 1099-K error any more defamatory or grossly negligent.

Similarly, Burton's attempt to repackage the erroneous information on the 1099-Ks does not strengthen the claim. *See* ECF No. 38-1 ¶ 14. It was plain from the Amended Complaint that the 1099-Ks wrongly included Burton's social security number in lieu of Skye's TIN. Thus, as before, all revenue information would be erroneously linked to Burton, not Skye. The "new" factual allegations, which simply drill down on this error, are not new at all.

Likewise, the proposed second amended complaint still fails to state a gross negligence claim. Burton merely retreads the same ground as in the Amended Complaint, and the "new" facts do not make plausible mere negligence, let alone gross negligence. Accordingly, the Court denies Burton's motion to amend.

## IV. Conclusion

In the end, Burton seems to take greatest umbrage with Shopify "stonewalling" him by not correcting the 1099-Ks so he may resolve this matter in the Tax Court. ECF No. 46 at 8–9. If this is accurate, then Burton must pursue the "stonewalling" in that forum. But no facts give rise to a separate action for defamation or gross negligence based on the erroneous 1099-Ks. Judgment on the pleadings is granted in Shopify's favor, Burton's motion for leave to file a second amended

complaint is denied, and the remaining discovery-related motions are denied as moot.

A separate Order follows.

10/14/2026
Date

/s/
Paula Xinis
United States District Judge